JOSEPH CURLEY GALLIEN V. STATE

No. 28,885. March 20, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 15, 1957.

*Russell F. Wolters,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney Austin, for the state.

WOODLEY, Judge.

Appellant, represented by counsel, pleaded guilty before the court to the charge by complaint and information of aggravated assault with an automobile, and his punishment was assessed at a fine of $750.

The evidence, if any, produced at the trial is not before us.

Other counsel were employed after judgment and a motion for new trial was filed and, with leave of the court, thereafter amended.

The amended motion for new trial, among other things, alleged that appellant was an uneducated man of French descent who was not conversant with the English language and that he did not understand the nature of his plea of guilty; that had a person able to speak the French language been present and able to explain the nature and consequences of his plea of guilty

he would not have entered such plea; that he was under the impression that he could not enter any other plea due to his ignorance and unfamiliarity with courts and court procedure.

The claimed error in the overruling of this motion is the sole question raised on this appeal.

There is no bill of exception and the claimed abuse of discretion on the part of the trial court in declining to grant a new trial is not a matter which may, under the statute, be preserved and presented to this court as ground for reversal without a bill of exception. Art. 760e V.A.C.C.P. relates to motions for new trial only "where the motion is based upon jury misconduct or that the jury received new evidence during deliberations."

We have nevertheless examined the testimony in connection with the motion and find that appellant testified in English; had attended school where he was taught in English through the third grade; and his counsel at the trial, who spoke French, testified that he acquainted appellant with the nature of the charge against him which, in his opinion, appellant understood, their conversations being in the English language.

No error appearing, the judgment is affirmed.