Appellant did not testify or offer any evidence in his own behalf.

Two questions are presented for review.

Appellant contends that the evidence is insufficient to sustain his conviction as a principal to the murder.

The evidence shows that appellant knew that his companions were going to rob the service station operator when they got out of his car, that he waited nearby to carry them to safety, and that he expected to share in the fruits of the robbery.

The deceased was murdered during the existence of and in the furtherance of the common design of appellant and his companions to commit robbery by using a loaded rifle, and the killing was a natural and probable consequence of such common plan and design. Appellant was present at the commission of the offense in the sense that "present" is used in Articles 66 and 69, Vernon's Ann.P.C., and we find the evidence sufficient to sustain the conviction. Stubblefield v. State, Tex.Cr.App., 334 S.W. 2d 150; White v. State, 154 Tex.Cr.R. 489, 228 S.W.2d 165; and Hill v. State, 135 Tex.Cr.R. 567, 121 S.W.2d 996.

Appellant next contends that the confession contained exculpatory statements in that it shows that when Alfred and Ramon Gonzalez first entered appellant's car he was told that he need not know what they were going to do and that the trial court erred in failing to instruct the jury that the confession must be taken as a whole and that the State must disprove the exculpatory matters.

Appellant's confession also states that at the time Alfred and Ramon got out of his car near the service station he knew they intended to rob the station operator and he expected to get his share of the money; therefore the confession as a whole shows that there were no exculpatory statements

which would demand appellant's requested charge. Querner v. State, 127 Tex.Cr.R. 410, 76 S.W.2d 520, and Anderson v. State, 71 Tex.Cr.R. 27, 159 S.W. 847.

No reversible error appearing, the judgment is affirmed.

Robert McGÉE, Appellant,

v.

STATE of Texas, Appellee.

No. 33448.

Court of Criminal Appeals of Texas.

Oct. 2, 1961.

Justice, Justice & Kugle, Athens, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $100.

The complaint and information were filed on September 7, 1960, and judgment was rendered upon appellant's plea of guilty on December 12, 1960.

Appellant filed motion for new trial alleging that he was denied due process of law in that he was not given sufficient time to procure the services of counsel to represent him.

The overruling of the motion for new trial is the sole ground upon which reversal is sought.

In the absence of a bill of exception, the point relied upon does not appear to be before us for review. Gallien v. State, 164 Tex.Cr.R. 622, 301 S.W.2d 674.

The judgment is affirmed.